[No. 14543. In Bank. — March 11, 1892.]

LEVI M. KELLOGG et al., Appellants, v. F. C. HOWES et al., Respondents.

WRIT OF ERROR — CONDITION OF SUPERSEDEAS BOND — COSTS AND DAMAGES — ATTORNEY'S FEES — DISMISSAL OF WRIT — AFFIRMANCE OF JUDGMENT. — Under the condition of a *supersedeas* bond, given upon a writ of error to the supreme court of the United States, to answer all costs and damages if the plaintiff in error shall fail to prosecute his writ with effect and to make good his plea, the defendant in error cannot recover attorney's fees as damages, upon dismissal of the writ for want of jurisdiction.

ID. — COSTS NOT TAXED. — The term "costs" has a well-known meaning, and whatever costs are claimed and recovered must be taxed in the action in which they are allowed; until taxed, they cannot be recovered as damages in an independent action on the undertaking on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Johnston & Borden*, for Appellants.

*Thomas Mitchell*, and *M. T. Allen*, for Respondents.

PATERSON, J. — The judgment in the case of *Kellogg* v. *Howes* was affirmed here in November, 1889. (81 Cal. 170.) Howes, the appellant therein, procured a writ of error to the supreme court of the United States, and gave a *supersedeas* bond in the sum of eight thousand dollars, with respondents Bonebrake and Bryson as sureties. The condition of the bond is, that " if the above-named F. C. Howes shall prosecute his said writ of error with effect, and answer all costs and damages if he shall fail to make good his plea, then this obligation shall be void; otherwise," etc. A citation was issued requiring the defendants in error to show cause before the supreme court at Washington on the second Monday in October, 1890, why the judgment should not be corrected. On May 22, 1890, said court, upon motion of defendants in error, dismissed the writ, on the ground that the court had no jurisdiction of the action. The

clerk of the supreme court of the United States attached to the mandate dismissing the writ a memorandum of costs, including the cost of printing the transcript, amounting to $160.50; and as soon as the mandate was filed here, Howes paid the amount of the judgment, with interest thereon, and also paid the bill of costs attached to the mandate, but refused to pay other items of costs and damages claimed by plaintiff. Thereupon, and after demand was made upon the sureties, this action was commenced to recover the sum of $700.30, being the sum of the following items claimed by plaintiff as costs and damages: Certificate of clerk of the supreme court to transcript, $33; transmitting papers to Washington, $4.90; telegram giving notice of appearance, $3.40; printing briefs on motion to dismiss, $59; counsel fees in United States supreme court, $600.

The court below gave judgment for defendants, and plaintiffs have appealed.

The condition of the bond quoted above is prescribed by rule 29 of the supreme court of the United States, and rules 23 and 24 of the court prescribe what damages and costs may be allowed. (Curtis's Ann. Fed. Stats. 163.)

It is conceded that if the bond had been given on appeal from a judgment of the circuit court of the United States, plaintiff would not be entitled to recover attorney's fees. (*Supervisors* v. *Kincott*, 103 U. S. 554.)

We think the condition named in the bond should be given the same construction by this court that is placed upon it by the supreme court of the United States,— the court that framed it. The parties who executed the bond presumably entered into the undertaking with a knowledge of the construction which had been placed upon it by the national courts, and in the belief that their obligation would be measured by such construction. The fact that the supreme court held no federal question was involved cannot change the obligation of the sureties. A writ of error had been allowed by the chief justice of this court, a *supersedeas* bond was re-

quired, and the liability of the sureties depended upon the question whether Howes would be able to prosecute his writ "with effect" and "make good his plea"; it did not depend upon the reasons which might be given for holding the writ to be *without effect.* If the court had held that a federal question was involved, and had affirmed the judgment, the damages claimed could not have been recovered. The dismissal of the writ had the same effect as to costs and damages. By the dismissal, the plaintiff in error simply failed to "prosecute his said writ of error with effect" or "to make good his plea."

The cost of the clerk's certificate, printing briefs, sending transcript to Washington, and telegraphing the appearance of attorneys, if proper items of cost to be allowed at all, should have been taxed up as such. The term "costs" has a well-known meaning, and whatever costs are claimed and recovered must be taxed in the action in which they are allowed; until taxed, they cannot be recovered as damages in an independent action on the undertaking on appeal.

Judgment affirmed.

HARRISON, J., GAROUTTE, J., McFARLAND, J., SHARPSTEIN, J., and DE HAVEN, J., concurred.