## WHELCHEL v. HENDRIX.

No. 3624.   Opinion Filed March 24, 1914.

(139 Pac. 951.)

**APPEAL AND ERROR—Review—Affirmance—Remand.** Where, in a trial
of an action by a broker to recover a commission alleged to have
been earned, a number of issues are raised by the answer, one being
a defect of parties plaintiff, and at the close of the evidence, the
parties agree to submit this one issue to the jury, and a verdict is
returned for the plaintiff, and judgment rendered thereon to the
effect that there was no defect in parties plaintiff, and that the
plaintiff could maintain the action, and that ''the other issues
raised should be tried in due course,'' the verdict of the jury being
supported by sufficient evidence, **held** that, although there was no
final judgment rendered in the case from which an appeal would
lie, yet an appeal having been taken by consent and acquiescence,
the ends of justice will be subserved by affirming the judgment
appealed from and remanding the cause for trial on the other
issues raised by the pleadings.

(Syllabus by Galbraith, C.)

*Error from County Court, Custer County;*
*J. C. McKnight, Judge.*

Action by S. J. Hendrix against W. E. Whelchel. Judgment
for plaintiff, and defendant brings error. Affirmed.

*Geo. T. Webster,* for plaintiff in error.

*Carter Smith* and *Darnell & Darnell,* for defendant in error.

Opinion by GALBRAITH, C.   S. J. Hendrix commenced
an action in the county court of Custer county against W. E.
Whelchel to recover a commission as real estate broker, alleged
to have been earned in a deal whereby Whelchel's stock of mer-
chandise was exchanged for a farm. The reasonable value of this
commission was alleged to be $669.   The defendant answered,
first, by a general denial; second, by alleging that the plaintiff,
Hendrix, was never authorized to act as his agent in making
the trade, and that as a matter of fact he had nothing to do with
the making of the same; and, third, by alleging that at the time
the trade was made the plaintiff, Hendrix, and one C. M. Rake

were partners in business, and that if the commission had been earned it belonged to the partnership, and the plaintiff could not maintain the suit in his own name for it. A reply by way of general denial was filed to the answer, and upon the issues thus formed the cause was submitted to the court and a jury for trial. At the close of the evidence it seems that both parties agreed that the issue raised by the plea in abatement should be submitted to the jury, as to whether or not there was a defect of parties plaintiff and Hendrix could maintain the action alone. The court instructed the jury as to the law and submitted to them this one issue.

The jury returned a verdict that there was no defect of parties plaintiff, and that the partnership relations between the plaintiff and C. M. Rake did not exist at the time the trade was made. A judgment was entered upon this verdict as follows:

"It is therefore ordered, considered, and adjudged by the court that there is no defect of parties plaintiff in this action, and that the trial of the issues aside from the plea of abatement or defect of parties plaintiff herein entered and joined shall be had in due course."

A motion was made for judgment for the defendant notwithstanding the verdict of the jury, and was overruled, and exception saved. There was also a motion for new trial, which was overruled, and time was taken to make and serve case-made on appeal to this court.

No legal reason appears why all the issues raised by the pleadings were not submitted to the jury and the case fully tried, or why this case should be tried in sections; but it does appear that there was no final judgment entered in said cause, from which an appeal would lie to this court. However, counsel have not raised this question, and ordinarily the court would raise the question of its own motion; but it does not seem that anything would be gained by doing so in this instance. The testimony was conflicting on the question of partnership, but there is ample evidence to support the findings and verdict of the jury on this issue, and the verdict is therefore conclusive upon this court upon that question, and it seems that the ends of justice

would be subserved by affirming the judgment rendered and remanding the cause to the county court of Custer county, for a trial on the remaining issues raised by the pleadings; and we therefore recommend that it be 'so ordered,' and that the costs of this appeal be taxed against the plaintiff in error.

By the Court: It is so ordered.