## RAND v. NASH.

No. 24988. Nov. 5, 1935.

McComb & Conrad and Reuben M. Roddie, for plaintiff in error.

Abernathy & Howell, for defendant in error.

PER CURIAM. A stockholders' action was brought by E. F. Rand and others against the Oklahoma Southern Life Insurance Company, its officers and directors, seeking the appointment of a receiver for the insurance company. Upon the application of Rand, Evans A. Nash, an accountant, was appointed by the court to audit the books of the insurance company and report his findings to the court. Pursuant to the order of the court Nash made the examination required and later submitted his report to the court. It appears that Nash spent about 26 days, figured at 7.5 hours per day, in auditing the books, testifying at the hearings, etc. He engaged another

accountant to work with him who spent about 12 days on the audit.

After the hearing in the receivership suit, but before the court handed down its final decision, the parties reached a settled agreement. Pursuant to the agreement the pending case was ordered dismissed with prejudice. On learning of the dismissal Nash filed an application in the trial court asking that the order of dismissal be set aside and that a fee of $1,-642.85 be allowed for his services. Notice of this application was served on Rand.

On November 17, 1932, an order was entered setting aside the dismissal as to Rand and setting the application for hearing at a later date. Rand appeared generally at this hearing and excepted to the order setting aside the dismissal. The order was entered at the same term of court as was the order of dismissal.

On January 11, 1933, Rand filed a response to the application, objecting to a reopening of the case on the ground that Nash was "not a proper party in these proceedings." Rand further denied that $1,642.85 was due Nash, but tendered into court the sum of $645 which he contended was the full amount due. Rand prayed that Nash be ordered to accept that sum in full payment.

Thereafter the issue made up by the application and the response was tried to the court, a jury having been waived; that issue was, What would be a reasonable fee to Nash for his services? After hearing the evidence, consisting mostly of the testimony of experts as to what would be a reasonable fee, the court entered judgment fixing Nash's fee at $1,250. Rand has appealed to this court seeking a reversal on two propositions: First, that as Nash was not a party to the action it was error to set aside the dismissal on his application in that a judgment rendered upon the application of one not a party is void. Second, that the amount allowed is too much under the clear weight of the evidence. We will discuss those propositions in order.

Assuming, though not deciding, that there might have been some doubt as to the jurisdiction of the court had Rand properly raised the question, we find that he appeared generally at the hearing on November 17, 1932; he later filed a response in which he invoked the jurisdiction of the court by asking that Nash be ordered to accept the sum which he tendered into court. It is too well settled to warrant the citation of authorities, that such an appearance waives any question of jurisdiction over the person. Rand contends, however, that it was within the discretion of the court to set aside the dismissal; that the court abused its discretion in doing so on the motion of one not a party to the suit, and, hence, was without jurisdiction. We do not think that there was an abuse of discretion here, nor do we think a question of the validity of a judgment in favor of one not a party to the cause need enter this case. Properly viewed, we think the final determination of this portion of the case depends on whether or not the court had the power to appoint an auditor in a case such as this and to tax the fees of such auditor as costs. If the court had such power then Nash became an officer of the court; the court clearly had the power to fix his compensation and to order it paid as part of the costs. There is no statute in Oklahoma specifically granting that power to the courts, but we believe that courts of general jurisdiction possess inherent power to supply themselves with auditors in cases such as this. A very similar question was before the Supreme Court of the United States in Re Walter Peterson 253 U. S. 300, 64 L. Ed. 919, 40 S. Ct. 543. In that case the court said:

"Courts have (at least, in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties. Compare Stockbridge Iron Co. v. Cone Iron Works, 102 Mass. 80, 87-90, 6 Mor. Min. Rep. 317. This power includes authority to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause. * * *

"What the district judge was seeking when he appointed the auditor in the case at bar was just such aid. He required it himself; because, without the aid to be rendered through the preliminary hearing and report, the trial judge would be unable to perform his duty of defining to the jury the issues submitted for their determination, and of directing their attention to the matters actually in issue. * * * The inherent power of a federal court to invoke such aid is the same whether the court sits in equity or at law. We conclude, therefore, that the order, in so far as it appointed the auditor and prescribed his duties, was within the power of the court. * * *

"As there is no statute, federal or state, and no rule of court excluding auditor's fees and the expense of his stenographer from the items taxable as costs, no reason appears why they may not be included,

like other expenditures ordered by the court with a view to securing an intelligent consideration of a case."

See, also, 15 C. J. 113.

Having determined that the appointment of Nash as auditor was proper and that his fee was a proper item of costs, we come to the question of the power of the trial court to determine the amount of his fee in the action in which it was incurred. Rand contends that Nash should be forced to institute a separate action to recover his fee. We think not. The general rule is that costs must be taxed in the action in which they are incurred and by the court before which they were incurred. In Kellogg et al. v. Howes et al., 93 Cal. 586, 29 P. 230, the court said:

"The term 'costs' has a well-known meaning, and whatever costs are claimed and recovered must be taxed in the action in which they are allowed. Until taxed they cannot be recovered as damages in an independent action on the undertaking on appeal."

See, also, Lukens v. International Life Ins. Co. (Mo. App.) 222 S. W. 910, and 15 C. J. 298. Obviously a court which has heard a case is in a much better position to tax costs than is some other court.

In this case Nash, being an officer of the court and being entitled to have his fee taxed as costs in the action, was the proper person to call the court's attention to his unpaid fee; he was not a stranger in the case, he was an arm of the court. He did not seek to enforce a contract for his services, he sought to recover that which the law allowed him as an officer of the court.

We cannot say from the record in this case that the amount allowed by the trial court to Nash as a fee was too much under the clear weight of the evidence. There is substantial evidence in the record upon which an even larger award might have been made. Not only did the trial court see and hear the witnesses who testified as to the value of the services rendered, but it had examined the very work in question as it was presented before it at the former trial. Obviously that court was in a much better position to pass on the question of the reasonable value of the services than this court is. There is substantial, competent evidence to sustain the award of the trial court. It is abundantly settled that under such circumstances, this court will not intervene.

A trial court may tax costs in an action such as this in the manner it deems equitable. O. S. 1931, sec. 521. The court is allowed a wide discretion in so doing. Bellamy v. Washita Valley Telephone Co., 25 Okla. 18, 105 P. 340. It does not appear that the court abused its discretion in this case.

Technically, the judgment in this case should have taxed the amount of Nash's fee as costs, and then adjudged the costs against Rand ordering execution against the latter for the amount. Substantially that is the result of the judgment appealed from. The same is modified to that extent, and as modified is affirmed.

The Supreme Court acknowledges the aid of Attorneys Herbert S. French, Charles Skalnik, and Garland Keeling in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. French, and approved by Mr. Skalnik and Mr. Keeling, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.