STATE ex rel. BOARD OF PUBLIC AFFAIRS v. NEFF et al. (two cases).

Nos. 33194, 33195. Oct. 16, 1951.

*236 P. 2d 681.*

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for plaintiff in error.

Don Welch, Dan M. Welch, and Don E. Welch, Madill, for defendants in error.

BINGAMAN, J. These cases, consolidated for the purpose of briefing and disposition in this court, present appeals by the state from orders dismissing its motions for revivor of dormant judgment in each case. The orders were entered on January 6, 1947. The defendants cross-appeal from the action of the trial court in vacating orders previously made dismissing the state's motions to revive.

Case No. 33194 was filed in the district court on June 11, 1936, and case No. 33195, was filed there on February 3, 1941. The petitions in each case sought personal judgment against the defendants on contracts of purchase and foreclosure of vendor's liens securing the same.

On September 8, 1941, orders were entered in each case adjudging the amount due, foreclosing the liens, and directing sale of the property to satisfy same. In regard to a personal judgment, each of these orders provided:

"It is therefore by the court ordered, considered, adjudged and decreed that plaintiff do have and recover of and from said defendants, M. A. Neff and Era Neff, husband and wife, (then recites the amount), but said judgment shall not be entered herein as a personal judgment until due adjudication thereof is made as hereinafter set forth and provided."

The next paragraph ordered a sale of the encumbered property and in a subsequent paragraph it was provided that if the sale proceeds were insufficient to satisfy the judgment, plaintiff might apply under H.B. 40 of the 18th Legislature (12 O. S. 1941 §686) for a deficiency judgment.

Special execution in each case was issued September 23, 1941. Sheriff's sale was held on October 27, 1941, and on October 28, 1941, the sales were confirmed and sheriff's deeds issued.

Thereafter, and on January 16, 1942, the state filed applications for deficiency judgments. No action was then taken on these applications. On October 11, 1946, praecipes for execution were filed and executions issued. These writs were, on the motion of defendants, recalled on November 4, 1946. The state then, on December 2, 1946, filed applications to revive. The defendants, on December 9, 1946, moved to strike and dismiss the applications to revive. The trial court, on December 16, 1946, sustained the motions to strike on the theory that no personal judgments had ever been rendered. Notice of appeal was given by the state on December 23, 1946. Thereafter, on January 6, 1947,

the plaintiff filed motion to vacate the order of December 16, 1946, which was by the court sustained on that date. The state then, on said date, dismissed its applications for deficiency judgment and filed response to the defendants' motion to strike the applications for revivor. The court again, on January 6, 1947, sustained the defendant's motion to strike and notice of appeal was given by each party. The appeals were lodged here on July 3, 1947.

The state asserts personal judgments were rendered on September 8, 1941, and urges the action of the trial court in striking its motion and refusing revivor on January 6, 1947, was error. By cross-appeal the defendants urge the orders of January 6, vacating the orders of December 16, 1946, were void because made after term and that the appeal was filed too late to review the order of December 16, 1946.

If no personal judgments were rendered on September 8, 1941, all the questions presented will thereby be disposed of. These journal entries each provided the judgments "shall not be entered herein as a personal judgment until due adjudication thereof is made as hereinafter set forth and provided." While it is true the journal entries provided for the application of H. B. 40, supra, which was declared in Fenimore v. State, 200 Okla. 400, 194 P. 2d 852, to have no operation in actions involving the state, yet the intent of the trial court to reserve the question of personal judgments appears clear. If the trial court can and did reserve the question, it would appear to be immaterial on what theory it was done. In the absence of a denial or allowance of personal judgment that issue remains undisposed of.

The power of the trial court to reserve such an issue is supported by authorities. 59 C. J. S. 1243; Northern Trust Co. v. Cook, 294 Ill. App. 601, 13 N. E. 2d 517; Humphreys v. McKissock, 140 U. S. 304, 35 L. Ed. 473, 11 S. Ct. 779; Sage v. Central R. Co., 99 U. S. 334, 25 L. Ed. 394. Also, 37 Am.

Jur. 591, and Grieve v. Huber, 41 Wyo. 168, 283 P. 1105.

Although we are committed to the one judgment doctrine in Wells v. Shriver, 81 Okla. 108, 197 P. 460, it was therein recognized that other final and appealable orders may be made. That jurisdiction is not lost by such final order on one issue and reservation of others was also recently held in Hurley v. Hurley, 191 Okla. 194, 127 P. 2d 147.

We therefore hold no personal judgment was either rendered or denied on September 8, 1941, and that the personal judgment causes of action in plaintiff's petitions remain undisposed of by the trial court. Therefore, no final judgments have been rendered. The orders appealed from are affirmed, but the causes are remanded with directions to hear and determine the causes of action for personal judgment. Whelchel v. Hendrix, 41 Okla. 717, 139 P. 951.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, and JOHNSON, JJ., concur. ARNOLD, C.J., dissents.