95 N.J. Super. 112 (1967)
230 A.2d 162
CHARLES ROONEY, PLAINTIFF-APPELLANT,
v.
ANTHONY P. CORAGGIO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1967.
Decided May 11, 1967.
*113 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Kenneth E. Joel argued the cause for appellant.
Mr. Harold C. White argued the cause for respondent (Messrs. Ewart, Lomell, Adler & Kearney, attorneys).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
Plaintiff, pursuant to leave granted, appeals from an order of the trial court denying plaintiff's motion to add Galaxie Builders Inc. as a defendant.
Plaintiff, a plumbing contractor, was doing the plumbing work on a private house then under construction. According to his answers to interrogatories, he had been working in the cellar and started to leave by walking on a plank which was provided as a temporary walkway out of the cellar. Unknown to plaintiff, the plank was not nailed down. As he reached the top of the plank it slipped off and threw plaintiff some eight feet to the cellar floor. Defendant Anthony P. Coraggio, who was "at the scene," was immediately notified of the accident. He said he would turn the matter over to his insurance company.
Some 19 months after the accident plaintiff filed suit alleging that Joseph Siano Jr. and Mary Siano were the owners of the property "on which there was construction being performed by Anthony P. Coraggio." Plaintiff further alleged *114 that he had been injured "due to the negligent maintenance and construction of a way of egress and ingress from the cellar." Mr. and Mrs. Siano, and Coraggio, were named as parties-defendant. The Sianos have since been dropped from the suit and are not involved in the case.
An answer was filed on behalf of Coraggio, generally denying the allegations of the complaint and pleading the defenses of contributory negligence and assumption of risk. An additional separate defense pleaded that the sole and proximate cause of the alleged accident was the negligent acts and omissions of third parties or persons over whom Coraggio exercised no control. The answer included a cross-claim for contribution against the Sianos under the Joint Tortfeasors Act.
As soon as the suit was filed the insurance carrier entered into settlement negotiations with counsel for the plaintiff and made an offer of settlement. (We were advised by counsel for defendant at oral argument that the insurance carrier for Galaxie Builders Inc., hereinafter mentioned, undertook to defend the suit against Coraggio because the policy afforded coverage to the corporate officers, of which Coraggio was one.)
In October 1965 plaintiff's attorney suffered a stroke and eventually the case was turned over to present counsel. In February 1966 the deposition of Coraggio was taken, during which he disclosed that he was not the general contractor in the building of the Siano house and that the general contractor was a corporation called Galaxie Builders in which he was a "partner" and held the office of vice-president. He further testified that Galaxie had three employees on the job, namely, himself, Joseph Quatse (who apparently was the other principal in the corporation) and one Wismer. He said that both he and Quatse were in charge of the work.
The case was pretried on March 4, 1966. In the pretrial order Coraggio, for the first time, made the affirmative contention that Galaxie Builders Inc. was the general contractor on the job and that he was merely an employee thereof. The order reserved to plaintiff the right to apply to add Galaxie Builders Inc. as an additional party.
*115 At about the same time plaintiff revealed to his attorney that at the time of his fall the plumbing work in the house was being done under a written contract which listed "Galaxy Builders" as the "owner" of the property. The contract was signed by "Joseph Quatse, Owner."
By motion returnable March 25, 1966 plaintiff applied for leave to amend his suit "to include Galaxie Builders Inc., a New Jersey Corporation, as a defendant." After hearing argument in the matter, the trial court denied the motion on the ground that plaintiff was seeking to add a new party defendant after the statute of limitations had expired. This court granted leave to appeal.
The thrust of plaintiff's appeal is that he is not seeking to add a new party, but rather to correct the name under which a proper party already sued is in court. He argues that the real party in interest was aware of the accident from the day it happened, but not until after the statute of limitations had run was it revealed to plaintiff that he was suing the wrong party.
Defendant denies any concealment of the facts. It is argued that the complaint sounds strictly in the personal negligence of Anthony Coraggio and was answered on that basis.
Although plaintiff's motion is inartistically phrased, he actually seeks to substitute Galaxie Builders Inc. as defendant in the place and stead of Coraggio. On that basis we conclude that he is entitled to relief. Coraggio was the vice-president of Galaxie Builders Inc. and one of the two or three principals in the corporation. He was on the job "just about every day" and was told of the accident immediately after it happened. He said he would report the accident to his insurance carrier and it is undisputed that he did so. When suit was commenced against Coraggio the insurance company undertook the defense of the action and even entered into settlement negotiations. Not until the statute of limitations had run was it revealed that plaintiff was suing the wrong party. Even though unintentional, this conduct had the effect of misleading plaintiff into believing that he was suing the right *116 party. Had it been revealed at the time the answer on behalf of Coraggio was filed that Galaxie Builders Inc., and not Coraggio, was the general contractor on the job, plaintiff would have had ample time to join the proper party.
Obviously, there was a mistake in naming the party defendant of which the named defendant, the real party in interest, and its insurance carrier were fully aware, and which they compounded by their conduct and silence.
Support for allowing plaintiff to join Galaxie Builders Inc. as a defendant is to be found in R.R. 4:9-3, Proposed Revision of the Rules Governing the Courts of the State of New Jersey (1966), which provides:

"4:9-3. When Amendments Relate Back

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendments relate back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Proposed amendment italicized)
The proposed rule does not effect a radical change in amendment practice and procedure. As noted in the comments on the proposed amendment,
"This rule offers a solution which is generally in accord with recent judicial thinking in this jurisdiction * * * The test as stated in the rule does not offend the policy of the statute of limitations since it requires that the intended party be put on notice * * * What the rule does accomplish, consistent with the general aim and policy of these rules, is substantial justice on the merits by permitting a technical and otherwise fatal flaw to be corrected where snch correction will not materially prejudice another party." *117 Cf. Patrick v. Brago, 4 N.J. Super. 226, 228-229 (App. Div. 1949).
Without repeating the factual details we think it clear that Galaxie Builders Inc. received such notice of an institution of the action that it will not be prejudiced in maintaining its defense on the merits, and further, that it knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it.
The order of the trial court is reversed and the case remanded with instructions to grant plaintiff's motion to amend his pleadings so as to substitute Galaxie Builders Inc. as the defendant in the place and stead of Anthony P. Coraggio.