Roy E. STUBBLEFIELD, Appellee,

v.

GENERAL MOTORS ACCEPTANCE
CORPORATION, Appellant.

No. 52671.

Supreme Court of Oklahoma.

Nov. 4, 1980.

Lantz McClain, Sapulpa, for appellee.

Prichard, Norman, Wohlgemuth by Stephen A. Schuller, Tulsa, for appellant.

OPALA, Justice:

The procedural issues on certiorari are: [1] Was this appeal brought in time for review of the trial court's order that impresses a lawyer's charging lien on that portion of recovery by the borrower against his truck insurer which was due the lender as a loss–payee of the policy? [2] Did the trial court err in summarily denying the lender's petition to intervene in the borrower's action against his insurer? Our resolution of the two issues is in the negative.

At the point of inception this was an action by a truck owner [owner or borrower] against his insurer to recover for loss by theft. The claim was settled shortly after its filing. The controversy that followed arose over liability to the owner's lawyer for payment of his fee. The loss–payee in the policy–General Motors Acceptance Corporation [GMAC or lender]–who was one of three payees on the insurer's settlement draft,[1] would not consent to having its share of the proceeds charged with a fee. The owner's lawyer claimed for himself a statutory lien [2] for one–half of the total recovery in the case. He based this charge on his 50% contingent–fee contract with the owner. By motion–filed in the the case and mailed to both GMAC and the insurer--the lawyer attempted to "foreclose" his lien. Though not a party either to the original owner/insurer controversy or to the lawyer–initiated post–settlement fee contest, GMAC nonetheless voluntarily responded to the lawyer's motion without interposing a jurisdictional challenge via a special appearance. In a brief hearing on the motion held before the regular district judge of the Sapulpa division, GMAC counsel--who fully participated in the proceeding--expressed the opinion that the court would have no jurisdiction in the fee controversy unless his client were made a party. The record contains no written memorial (journal entry) of that hearing, but the transcript of proceedings conducted that day clearly reflects that the court made no rulings. While the judge

"felt" the owner's lawyer was "entitled" to a fee, he didn't "think" his claim, vis-a–vis GMAC, could be anchored on a contract with the owner. Rather the court reasoned the lawyer's remedy lay in quantum meruit. According to the judge's remarks, there was "a very good likelihood" that "an additional party defendant" GMAC might have to be brought in formally before a binding decision on the fee controversy could be effected. Shortly after this hearing the district judge initially charged with the case retired from office. All subsequent proceedings were held before the district judge of the Bristow and Drumright divisions who for a time was the only resident district judge in the county.

The lawyer's motion was later reset for hearing on what was admittedly due and timely notice to GMAC. Its counsel failed to appear. While the record does not contain a transcript of that proceeding, the docket shows that at its conclusion the court took the fee controversy under advisement. The ruling, of which GMAC was apparently notified by a copy of the judge's letter to the clerk, came to be rendered February 6, 1978. It determines that (a) GMAC "has entered its voluntary appearance in this case and is before the Court" for disposition of the fee controversy; and (b) the owner's lawyer had "a perfected attorney's lien" for 50% of the total recovery which "represents a reasonable attorney's fee under the circumstances of this case." By direction of this court the February 6th ruling stands memorialized by a journal entry settled during the pendency of the certiorari proceedings now before us.

By petition in intervention of March 31, 1978 GMAC sought to litigate its "prior and superior" claim over that of the lawyer to the entire settlement with the insurer. The owner's lawyer answered by interposing a res judicata plea and moved for summary judgment in his favor pursuant to Rule 13.[3] Summary decision for the lawyer was ren-

---

1. The other two payees were the owner and his lawyer.

2. 5 O.S.1971 § 6.

3. Rule 13, Rules for the District Courts, 12 O.S., Ch. 2, App.

dered June 14. GMAC's motion for new trial was denied a short time later. Its appeal in this case seeks reversal of the summary judgment for the lawyer. The Court of Appeals, Div. 1, reversed the trial court's June 14th decision, vacated the February 6th order deciding the fee--controversy and directed that, on remand, the case be transferred to the district judge of the Sapulpa division–the successor of the one who initially had charge of the case and entertained a brief hearing in the matter shortly before his retirement. The Sapulpa--division judge was instructed to hear GMAC's petition in intervention upon its merits.

We granted certiorari to determine whether the appeal came here too late for review of the issues resolved by the February 6th ruling that subjected the entire recovery to a lawyer's charging lien for his 50% fee. We hold that [1] the fee controversy, which has been effectively and finally settled on February 6, is beyond the reach of corrective process in this appeal and [2] the June 14 summary denial of GMAC's petition in intervention is free from legal error.

One can gain a much clearer perception of this litigation's anatomy by arranging its various phases into a trichotomous division. The *first* or beginning stage of the controversy was the *action* of the *owner* against his truck *insurer*. That stage ended with a settlement. The *second* stage was triggered by the filing of a motion by the owner's lawyer to subject the entire recovery to his 50% lien claim. This stage should be described as a *proceeding* ancillary to the main *action*. It came to an end when the February 6th order determined *all the issues*–between *GMAC* and the owner's *lawyer*, inter se–which had been raised by the lawyer's motion and GMAC's response to it.

In Stage I the parties–litigant were the *owner* and his *insurer*. In Stage II the adversaries were different. The contest then was between the *owner's lawyer* and the *owner's lender --GMAC*. At this stage the owner was in no adversary posture either with his lawyer or with GMAC. Nor were the latter parties the owner's adversaries. In the very last or third stage–begun with GMAC's unsuccessful attempt to intervene in what was essentially a post–termination phase of Stage I--GMAC sought to litigate its demands with the *owner*, his *lawyer* and with the insurer.

### I.

### THE COURT'S JURISDICTION OF GMAC TO RESOLVE THE FEE CONTROVERSY INSTITUTED BY THE OWNER'S LAWYER

■ A lawyer's claim for impression of his statutory charging lien [4] upon the recovery secured in an action may be prosecuted as an ancillary proceeding to the main litigation. The contest is treated as one in the nature of an equity suit.[5] A new party, if necessary to a complete resolution of the issues, may be added at the ancillary stage of proceedings.[6]

■ The record in this case leaves us without the slightest doubt that GMAC–though not originally a party–litigant and not served with process–voluntarily submitted itself to the trial court's jurisdiction when it made a general appearance by filing its response to the lawyer's motion for resolution of the fee claim and when it participated, through its counsel, at the brief hearing before the Sapulpa division district judge.[7]

■ A party never served with process may, by voluntary appearance, submit itself to the court's jurisdiction. One who–without first challenging the court's cognizance of his person files a responsive pleading,

---

4.  5 O.S.1971 § 6.

5.  *Tisdale v. Wheeler Bros. Grain Co., Inc.*, Okl., 599 P.2d 1104, 1105–1106 [1979]; *Chicago, R.I. & P.R. Co. v. Rittenhouse, Hanson & Evans*, Okl., 285 P.2d 186 [1955].

6.  *Carter v. Wooley*, Okl., 521 P.2d 793 [1974]; see also, *Rand v. Nash*, infra note 8.

7.  Our statute, 12 O.S.1971 § 162, clearly provides that "... [T]he voluntary appearance ..., is equivalent to service."

waives defects in the court's acquisition of personal jurisdiction.[8]

The court was therefore correct in its assertion of jurisdiction *over* GMAC at the ancillary Stage II.

## II.

### ERROR ALLEGED IN THE ASSIGNMENT OF THE LAWYER'S ANCILLARY CLAIM TO, AND IN ITS ADJUDICATION BY, THE BRISTOW/DRUMRIGHT–BASED DISTRICT JUDGE

■ When the Sapulpa-based district judge retired, his counterpart in the Bristow/Drumright Division became the only resident district judge in the county[9] and hence the acting chief judge with power to assign cases.[10] The lawyer's ancillary claim had stood pending and undetermined when the Sapulpa–based judge retired. The case was subject to re–assignment by the chief judge. There was hence no managerial impropriety in the claim's transfer to another judge. Nor can we find any vice in the Bristow/Drumright–based judge's adjudication of the controversy. There is absolutely *no* indication in the record of *any* firm rulings previously made by the Sapulpa based judge which were either modified or swept aside by the February 6th disposition of the fee claim.

## III.

### THE FEBRUARY 6th ORDER WAS FINAL AND APPEALABLE

■ The February 6th order finally determined the fee controversy. The ancillary proceeding between the owner's *lawyer* and *GMAC* thus came to a point of termination. The order so made was appealable as a final decision. This is so because it precluded GMAC the defeated litigant in the fee claim's Stage II from proceeding further in the trial court. Rule 1.11(b)(5), Rules on Perfecting a Civil Appeal, 12 O.S. Ch. 15, App. 2; *Centorp Corp. v. Gulf Production Corp.*, 183 Okl. 436, 83 P.2d 181 [1938].

■ When, as here, several cognate matters are litigated in the framework of one case, there may be several successive final and appealable orders, although the law contemplates but one judgment that disposes of the main action. *State ex rel. Board of Affairs v. Neff*, 205 Okl. 205, 236 P.2d 681, 683 [1951].

## IV.

### THE SUMMARY DENIAL OF GMAC'S PETITION TO INTERVENE WAS ALSO A FINAL AND APPEALABLE ORDER

■ While the subsequent denial of GMAC's quest for intervention was also appealable[11] and is properly before us, our review of this order must be limited to errors made in the attempted post–February 6th intervention proceeding. This is so because the instant appeal from the denial of intervention reached us more than thirty days after the separate adverse order of February 6th and hence comes too late for a comprehensive review of both appealable decisions.

■ We find *no* error in the summary denial of intervention, effected June 14, 1978 after the *main action* had already been terminated by the *owner's* dismissal of May 1, 1978. In the petition to intervene GMAC attempted to raise issues barred from reliti-

---

**8.** *Franklin v. Margay Oil Corp.*, 194 Okl. 519, 153 P.2d 486, 497–498 [1944]; *May v. Casker*, 188 Okl. 488, 110 P.2d 287, 290 [1940]; *Rand v. Nash*, 174 Okl. 525, 51 P.2d 296, 297 [1935].

**9.** The personnel records in the office of the Adm. Dir. of the Judiciary show that the Sapulpa–based district judge retired effective Jan. 1, 1978 and that his successor was appointed Feb. 10, 1978. It is hence clear that at the critical time in question here–Feb. 6, 1978–the Bristow/Drumright –based district judge was the only resident district judge in the county.

**10.** 20 O.S.1971 § 120; Rule 7, Rules on Administration of Courts, 20 O.S., Ch. 1, App. 2.

**11.** An order that denies leave to intervene is appealable. *Morton v. Baker*, 183 Okl. 406, 82 P.2d 998, 1000 [1938].

gation by the February 6th adjudication which had become final for want of an appeal within thirty days of its rendition. 12 O.S.1971 § 990.

The dismissal of the main action by the owner constituted final termination of the case in which intervention was attempted.[12] There existed no meritorious basis for vacating the owner's prior dismissal in order to allow GMAC's intervention. Nor did GMAC's petition allege a tenable legal ground for reopening the terminated action.

TRIAL COURT'S JUDGMENT IS THEREFORE REINSTATED AND AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, DOOLIN and HARGRAVE, JJ., concur.

SIMMS, J., dissents.

---

**12.** *Firestone Tire & Rubber Co. v. Barnett*, Okl., 475 P.2d 167 [1970]; see also, *Bell v. Meadors*, Okl., 534 P.2d 1288 [1975].