Jim D. WAGONER, Appellee,

v.

Robert M. SAUNIER, d/b/a Saunier Realty Co., Saunmyer, Inc., Appellant.

No. 52224.

Supreme Court of Oklahoma.

Feb. 17, 1981.

As Corrected Feb. 18, 1981.

Rehearing Denied May 11, 1981.

Loren McCurtain, McAlester, for appellant.

Thomas B. Webb, McAlester, for appellee.

OPALA, Justice.

The dispositive question here is whether the district court's midtrial party substitution order—by which a corporation [Saunmyer, Inc.] was made a party-defendant in lieu of its individually-sued president and principal stockholder [Robert M. Saunier]—is free from reversible error because it meets the minimum notice-and-fairness standards of the constitution. We answer in the affirmative.

Plaintiff's *intended* adversary in the suit was the party which defectively renovated a fireplace chimney in his recently-acquired residence. In midtrial, that entity came to be identified and recognized as Saunmyer, Inc., a corporation, whose president, Robert M. Saunier—sued as an individual—was the sole party-defendant in the case. He had acted as a real estate agent in the home purchase transaction. The summons issued at the action's commencement identified the defendant by his correct name and as doing business under the trade name "Saunier Realty Company, Inc." The company was misnamed. Its correct designation was Saunier Realty Company. It was Saunier's *solely-owned unincorporated* organization.

In this appeal, Saunmyer, Inc., appellant, against whom judgment was rendered, asserts reversible error in the district court's midtrial order by which it was made a party-defendant *in substitution for* its president.

Although in his answer the individual defendant denied that he was the proper party in the suit, a pre-trial conference order, approved by both counsel, recited that the parties to the action were "proper, necessary and properly identified". In another part the same order listed—as one of the defenses in the case—that "the defendant was not a proper party".

The trial court's power to allow a midtrial amendment by which a new entity is substituted for the original party-defendant must always be tested by two paramount concerns: [1] the due process requirement for a "timely and meaningful" notice to the liti-

gant whose interest is sought to be adversely affected and [2] the constitutional, as well as statutory, protections against midtrial amendments which, though aimed at achieving conformity to the proof adduced, may operate as a surprise that prevents a party from effectively defending itself by casting upon it the burden of meeting unexpected issues.

As we have no doubt that these considerations for fundamental fairness were in fact satisfied here, we hold that *under the circumstances narrowly delimited by the procedural posture and facts* of this case, the substitution of Saunmyer, Inc. did not violate either federal or state due process standards of notice. Neither can we say from this record that the midtrial amendment deprived the substituted party of full opportunity to develop and present its defenses.

## I.

## QUALITY–OF–NOTICE CONSIDERATIONS

Time was when the validity of legal process necessary to confer upon the court personal jurisdiction of a defendant in suit was judged entirely on its conformity to the prescribed form. Quality of notice meant little if notice did not also happen to meet the law's ritualistic formalism—the abracadabra of required practice. Recent trends have done much to move our concern from the arena of pure form to the essential substantive *quality* of notice.[1] In more recent times *notice of a quality that is due* the defendant came to be defined, in the context of federal and state due process, as

one likely to impart personal knowledge and one which is given "at a meaningful time and in a meaningful manner".[2]

The very minimum which Anglo-American law has required of legal process since time immemorial is that it inform the party served of the demands against him and apprise him of the result consequent on his default. This much, if not a great deal more, has to be imparted under our present statutory scheme. It requires a copy of the petition to be attached to the summons that is served upon the defendant. 12 O.S.1971 § 153. Prior to the cited section's amendment in 1969, the summons—with its conclusory recitations—was all that was the defendant's due. By the pre-1969 summons regime *a person was not fully put on notice* of the facts constituting the claim to be pressed against him. A copy of the summons delivered to the *right*, though perhaps *misnamed*, defendant did not then always yield the quantum of information that would be necessary for him to identify the claim in suit and to enable him to commence defense efforts. The 1969 amendment was clearly intended to expand the range of knowledge a party-defendant should have at the very *commencement of an action against him.*[3]

 Fundamental fairness demands that three questions be considered in a judicial test of the correctness of a midtrial party substitution order. These are: (a) Did the process issued and served in the case give the *right*, although perhaps *misnamed*, party actual notice of the suit's institution? (b) Did the process adequately apprise the party that was served of the claim's nature?

1. *DeSantis v. Angelo Merlino and Sons, Inc.*, 71 Wash.2d 222, 427 P.2d 728, 730 [1967]; *Lind v. Frick*, 550 P.2d 709, 711 [Wash.App.1976]; *Rooney v. Coraggio*, 95 N.J.Super. 112, 230 A.2d 162 [1967].

2. *Armstrong v. Manzo*, 380 U.S. 545, 522, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 [1965]; *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865, 872–873 [1950].

3. Although the trend toward broad procedural simplicity is fairly recent, the Field Code of 1848 clearly contemplates litigation being commenced against a misnamed or unnamed party on whom valid process may be served although its correct name or designation be unknown at the suit's commencement. 12 O.S.1971 § 320. Plaintiff's lack of knowledge of the *defendant's* correct name was obviously not regarded as a hindrance to the acquisition of personal jurisdiction over him so long as *notice* had been served on the *right* party and regardless of whether the notice served did or did not correctly name the entity—corporate or individual—whom it had actually reached.

and (c) Was the substituted party surprised or misled to his prejudice by the "midstream" amendment substituting it for another? *We believe that all three of these concerns for basic fairness were satisfactorily met in this case.*

█ It is undisputed that the corporate construction company, Saunmyer, Inc., was the intended and correct defendant. Saunier and his wife are the sole stockholders in Saunmyer, Inc. Saunier serves as its principal officer. From the very beginning of this litigation Saunier and his wife (upon whom process was served as a member of the household) had *actual* notice of the action and knowledge sufficient to identify the claim as one against the corporation. While at the inception the intended corporate defendant was neither named nor correctly served in the case, the substituted party would not have received a *better* or more *meaningful* notice of the suit than that actually given if there had been here full and strict compliance with the prescribed form of legal process.

Saunmyer, Inc. was afforded, and availed itself of, a full opportunity to defend. When at midtrial the party substitution was effected after the plaintiff had rested, Saunmyer, Inc. became the *only defendant in the lawsuit.* It did not then protect itself by making a "special appearance" to challenge the court's order on jurisdictional grounds. On the contrary, through its counsel, Saunmyer, Inc. made unquestionably a general appearance in the case. Its presence and participation as a party is apparent on the face of the judgment roll. Counsel for Saunier represented to the court below, in at least two instruments on file, that he was also acting as counsel for Saunmyer, Inc.[4]

## II.

### FAIR TRIAL CONSIDERATIONS

█ With the basic constitutional notice considerations satisfied, the party-substitution error claimed here is, in essence, no more than one of "variance" between plaintiff's pleadings and the proof adduced at the trial.[5] Variance is deemed material if it has actually misled the adverse party to his prejudice in maintaining the action or defense. 12 O.S.1971 § 311. If variance is not material, it may be cured by an amendment. 12 O.S.1971 §§ 312 and 317.[6] A party who because of surprise by a midtrial amendment is impaired in his ability to defend may seek a continuance. 12 O.S. 1971 § 319. The substituted defendant could press here for continuance without

4. In both the caption and in the body of the journal entry of judgment the defendant was shown as Saunmyer, Inc. The journal entry is approved by the corporate defendant's lawyer as counsel for Saunmyer, Inc. In the motion for new trial, the same lawyer again represented himself to be counsel for Saunmyer, Inc. *Nowhere* in the record do we find Saunmyer's special appearance to contest the court's jurisdiction over its person.

A party never served with process may, by voluntary appearance, submit itself to the court's jurisdiction. *Stubblefield v. General Motors Acceptance Corp.*, Okl., 619 P.2d 620, 623 [1980]. Our statute clearly provides in 12 O.S.1971 § 162 that "... the voluntary appearance ... is equivalent to service". *Franklin v. Margay Oil Corp.*, 194 Okl. 519, 153 P.2d 486, 497–498 [1944]; *May v. Casker*, 188 Okl. 488, 110 P.2d 287, 290 [1940]; *Rand v. Nash*, 174 Okl. 525, 51 P.2d 296, 297 [1935]. *Rand* affords an example of voluntary appearance in a post-judgment stage to litigate an ancillary issue. It demonstrates that the § 162 voluntary appearance may be effective at *any stage of the case.* It *need not* be made *immediately* after the suit's

commencement. In *Stubblefield*, GMAC, not a party at the suit's inception, made a general appearance to litigate an ancillary issue after settlement had been effected between the original parties.

5. A variance is distinguished from an "absence of proof". The latter is not curable by amendment. 12 O.S.1971 § 313. The cited section requires that allegations be supported by evidence. Total failure of proof exists where "the allegation of the claim or defense, to which proof is directed, is unproved". Absence of proof may not be cured by an amendment.

6. An amendment under 12 O.S.1971 § 317 contemplates a change in the court record that would make it either speak the truth or reflect the position that actually unfolded itself during the litigation process. The outer limit of § 317 relief is that the contemplated amendment not effect a change in the claim or defense. *Cartwright v. Atlas Chemical Industries*, Okl., 623 P.2d 606 [1981] (52 OBJ 118, January 20, 1981).

entering a general appearance in the case.[7] The burden is cast upon the party deeming himself adversely affected by variance to prove that he is prejudiced by the amendment and impaired in his ability to do forensic battle.[8]

■ Neither the substituted corporate defendant nor the trial judge perceived a need for a continuance because of surprise or material prejudice. The record reveals that counsel for Saunmyer, Inc. *admitted in open court* that the substitution came as *no* surprise to him or his corporate client. Saunmyer, Inc. had been clearly aware, from the suit's inception, that it was the intended adversary upon the claim in litigation. Its principal officer and owner had actual notice of the action since its very commencement. The substituted corporate defendant was present and aided by counsel throughout all critical stages of the trial.

■ Saunmyer, Inc. also urges that the plaintiff was guilty of laches in not seeking an earlier substitution of the right for the wrong entity sued. It asserts that by an amended answer plaintiff was in fact put on notice that Saunmyer, Inc. was his correct adversarial target. Since this was not done before the trial, Saunmyer, Inc. urges, the plaintiff was later estopped from securing the benefit of a party substitution. The plaintiff counters that the amended answer—although denying that the *named individual defendant* was a proper party—did not sufficiently put him on notice because of a contradictory recitation in the pretrial order. That order did indeed indicate that "the parties were properly identified". We need not dwell on this point. It suffices to say that in this rather confusing state of the record we cannot conclude that plaintiff's failure to seek an earlier substitution of the corporate entity for the individual

sued amounts to delay that was prejudicial to Saunmyer, Inc.

Affirmed.

IRWIN, C. J., BARNES, V. C. J. and WILLIAMS, HODGES, LAVENDER, DOOLIN and HARGRAVE, JJ., concur.

SIMMS, J., concurs in result.

---

7. Defendant may appear specially to challenge the court's jurisdiction. If the challenge is overruled, he may defend the action without entering a general appearance so long as he avoids demanding affirmative relief. *Southard v. Oil Equipment Corporation*, Okl., 296 P.2d 780, 781 [1956]. Our case law is clear that a defendant who makes a request for relief, other than one for which he might maintain an action independent of the plaintiff's claim, does not waive his prior special appearance and hence does not submit to the jurisdiction of the court. *Osborn v. White Eagle Oil Company*, Okl., 355 P.2d 1041, 1045–1046 [1960].

8. *Liberty Plan Co. v. Francis T. Smith Lumber Co.*, Okl., 360 P.2d 500, 503 [1961].