2007 OK CIV APP 54

**Gerald Dwain SPEARS, Plaintiff/Appellee,**

v.

**OKLAHOMA DEPARTMENT OF TRANSPORTATION and Oklahoma Real Estate Appraiser Board, Defendants/Appellants.**

**No. 103553.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 15, 2007.

Rehearing Denied March 9, 2007.

Certiorari Denied May 21, 2007.

---

fices of Fourth Scoufos, P.L.L.C., Sallisaw, OK, for Plaintiff/Appellant.

Gary Peterson, and Henry A. Meyer, III, Abowitz, Timberlake & Dahnke, Oklahoma City, OK, for Defendant/Appellant, Department of Transportation.

Drew Edmondson, Attorney General, Joannn T. Stevenson, Assistant Attorney General, Oklahoma City, OK, for Defendant/Appellant, Oklahoma Real Estate Appraiser Board.

CAROL M. HANSEN, Presiding Judge.

¶ 1 Defendant/Appellants, Oklahoma Department of Transportation (ODOT) and Oklahoma Real Estate Appraiser Board (Board), seek review of the district court's order which reversed and remanded Board's order denying the application of Plaintiff/Appellee, Gerald Dwain Spears (Appraiser), for court costs, witness fees, and attorney fees in two previous cases before Board. We reverse the district court's order because costs must be sought in the action in which they were incurred and not in an independent action.

¶ 2 Appraiser conducts appraisals and testifies for landowners in condemnation actions by ODOT. An ODOT attorney filed three complaints against Appraiser with Board. One complaint gave rise to Board Case Number 00–1127–DIS, and the other two complaints were consolidated into Case Number 01–006–DIS. At hearing on Case No. 00–1127–DIS, Appraiser moved to dismiss at the close of the petitioner's evidence for failure to establish a *prima facie* case. In an order filed on August 14, 2001, Board granted the motion, finding "the Petitioner failed to establish a reasonable basis for the Board to find any violation." Appraiser then sought and received a writ of prohibition, filed on January 25, 2002, from a state district court ordering Board to immediately terminate Case No. 01–006–DIS for lack of subject matter jurisdiction.

¶ 3 On October 17, 2002, Appraiser filed a new petition before Board seeking attorney fees and costs pursuant to 12 O.S.2001 § 941 (B) [1] in Case Nos. 00–1127–DIS and 01–006–

Thomas W. Condit, Law Offices of Harry Scoufos, P.C., and Fourth Scoufos, Law Of-

1. Section 941(B) provides,

The respondent in any proceeding brought

before any state administrative tribunal by any

DIS. The caption of Appraiser's petition listed Appraiser as "Plaintiff" and did not include a case number. The body of the petition sought fees and costs incurred in both previous cases. ODOT objected, arguing Appraiser's request for fees was filed out of time and a new proceeding could not be brought for fees incurred in two closed proceedings. Board denied Appraiser's petition, finding "there was reasonable basis for both of the complaints filed" against Appraiser.

¶ 4 Appraiser sought judicial review before the district court pursuant to 75 O.S.2001 § 318 (B)(2). The district court found Board was required to act upon complaints against appraisers and the proceedings in both cases before Board were brought without a reasonable basis. It reversed Board's order denying fees and remanded to Board with instructions to award Appraiser his court costs, witness fees, and attorney fees in the two cases and to exercise its discretion as to whether to assess those costs against the complainant, ODOT. Both ODOT and Board (collectively Agencies) appeal from that order.

■ ¶ 5 Agencies contend fees and costs may only be recovered, if at all, in the proceeding in which they were incurred and not in a new administrative proceeding. We agree. It is well established at common law that "[c]osts must be taxed in the action in which they were incurred and by the court before which they were incurred; an independent action will not lie for costs." Rand v. Nash, 1935 OK 1086, 51 P.2d 296.[2] None of the statutes authorizing attorney fees under Title 12, including § 941(B), abrogates this common law rule. Section 941 does not create an independent cause of action for attorney fees and costs, but authorizes state administrative tribunals or a court of proper jurisdiction to award court costs, witness

fees, and attorney fees to the respondent in a proceeding before the tribunal if it finds the proceeding was brought without reasonable basis or is frivolous. This language is consistent with the common law rule requiring the costs to be sought in the same proceeding in which they were incurred. In the absence of clear legislative intent to modify a common law rule, we must presume it is preserved. *Rogers v. Meiser*, 2003 OK 6, 68 P.3d 967, 973.

¶ 6 Section 941 itself does not specify a time period for filing a request for fees in an administrative proceeding. However, in order to seek a cost award in the matter in which the costs were incurred, the respondent must file a request while the matter is still pending. An administrative order becomes final and unappealable unless a party seeks rehearing within ten days or appeal within thirty days pursuant to the Oklahoma Administrative Procedures Act (APA), 75 O.S.2001 §§ 317(A) and 318(B). Once the appeal time passes, the agency may close the case. In the present case, Appraiser did not seek costs and attorney fees in the actions in which they were incurred during the pendency of those actions. Instead he filed a new, independent action seeking costs and attorney fees incurred in previous, closed actions before Board. Under these circumstances, Board properly denied his application.

¶ 7 The order of the district court reversing Board's order and remanding for determination of costs and fees is REVERSED.

BUETTNER, J., and BELL, J., concur.

---

state agency, board, commission, department, authority or bureau authorized to make rules or formulate orders shall be entitled to recover against such state entity court costs, witness fees and reasonable attorney fees if the tribunal or a court of proper jurisdiction determines that the proceeding was brought without reasonable basis or is frivolous; provided, however, if the tribunal is required by law to

act upon complaints and determines that the complaint had no reasonable basis or is frivolous, the tribunal may assess the respondent's costs, witness fees and reasonable attorney fees against the complainant....

2. See also *Moses v. Hoebel*, 1982 OK 26, 646 P.2d 601, 604 n. 10 (stating the above-quoted common law rule of *Rand v. Nash* is in force in Oklahoma).