FISHER et al. v. GEAR, Ex'r.

No. 31854. Oct. 2, 1945.

*162 P. 2d 182.*

A. C. Markley, of McAlester, for plaintiffs in error.

H. I. Aston, of McAlester, for defendant in error.

CORN, J. This is an appeal from an order and judgment of the district court of Pittsburg county dismissing an appeal to that court from a judgment of the county court in probate of the will of Julius Fisher, deceased, holding that the will was valid.

The plaintiffs in error, contestants, contested the will before probate, and upon hearing of the contest the county court found that the will was valid and admitted it to probate. The contestants appealed from the order and judgment of the county court admitting the will to probate to the district court, in which court the judgment of the county court was affirmed and the original files ordered returned to the county court.

Thereafter the contestants filed in the county court a "Petition for the revocation and objections to the Probate of Will," in which they alleged that the donations, gifts and legacies to the First Reformed Church, and the First Lutheran Church, of Hechtown, Pa., and the Buckner's Orphans Home of Dallas, Tex., are void and unenforceable for the reason that these institutions are not authorized to accept them, thereby rendering the will void. It is also alleged that the objections to will, filed before probate, were refused on the ground that the county court had no jurisdiction in that proceeding to consider and adjudicate the issue therein raised, and that the same ruling, decision and judgment was rendered by the district court on appeal, and therefore no final judgment was rendered thereon. And as a further ground of opposition to the will it was alleged that certain heirs are not mentioned in the will, and were forgotten and omitted by the testator.

The defendant answered by pleading that the will had been decreed valid by the county court, and likewise had been held valid by the district court on appeal, and this judgment, unappealed from, constituted res judicata as against a subsequent attack on the will; and further pleading that the petition does not set forth facts sufficient to state legal grounds of objection to the will.

At a hearing upon the petition the county court denied the same and again decreed the will to be valid, passing the property of the testator to the beneficiaries in the will. This judgment was appealed to the district court, and upon hearing in said court the appeal was dismissed, the court holding that the petition stated no ground for contest of will after probate, under Title 58 O.S.A. §61.

There seems to be some confusion in the pleadings and issues, the contestants proceeding upon the theory that certain dispositions and the failure to name certain heirs at law in the will rendered it void. The district court properly held that these questions should be determined upon distribution, and not upon the probate of the will.

These rulings of the district court are in accord with the decisions of this court. In Brock v. Keifer, 59 Okla. 5, 157 P. 88, this court held in paragraph 3 of the syllabus as follows:

"In a proceeding to probate a will, the court cannot construe or interpret the will or distinguish between valid and void dispositions. If the will be legally executed and proved, and not successfully attacked for want of testamentary capacity, undue influence, fraud, or duress, it must be admitted to probate."

See, also, Nesbit v. Gragg et al. 36 Okla. 703, 129 P. 705, and Chouteau et al. v. Chouteau et al., 49 Okla. 105, 152 P. 373.

The contestants contend that the district court should have determined the validity of the bequests to the churches and orphanage because of the fact that the county court, in addition to decreeing that the will was valid, also decreed that it passed the property of the testator to the beneficiaries of the will, and that this would bar them from again raising the question in the county court. The judgment of the district court holding that these questions should be determined on distribution necessarily implies that contestants should have the right to raise these questions by proper proceedings on distribution.

The judgment of the district court dismissing the appeal is affirmed without prejudice to the right of contestants to raise said questions on distribution.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur.