2010 OK CIV APP 4

**In the Matter of the ESTATE OF Jimmy Orley SUMMERS, Deceased.**

**Mark Alan Summers, Appellant,**

v.

**Anna Summers, Appellee.**

**No. 106,770.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 11, 2009.

Brad E. Hilton, Hilton Law Office, Skiatook, OK, for Appellant.

Jared A. DeSilvey, Muskogee, OK, for Appellee.

KENNETH L. BUETTNER, Judge.

¶ 1 In this probate matter, Appellee Anna Summers (Wife) and Appellant Mark Sum-

mers (Son) dispute the validity of the antenuptial agreement entered between Wife and decedent, Jimmy Orley Summers. Wife was Decedent's second wife and Son was a child of Decedent's first marriage. During the probate, Wife and Son reached an agreement November 28, 2007, which was embodied in a court order and filed January 30, 2008. The trial court found, *inter alia*, that an antenuptial agreement between Wife and Decedent was the only existing testamentary instrument, and was valid and lawful.

¶2 On November 5, 2008, Wife filed a Motion for Declaratory Judgment alleging the antenuptial agreement was void and was not a testamentary document. She also filed December 23, 2008, a Motion to Modify or Vacate the January 30, 2008 order. The trial court entered a declaratory judgment in Wife's favor January 12, 2009. Because Wife failed to challenge the January 30, 2008 order within 30 days, we reverse the January 12, 2009 order and remand for further proceedings.

¶3 Because of the posture of the procedure in this case, we need not decide the merits relating to the antenuptial agreement. Procedural rules determine the outcome here. The January 30, 2008 Journal Entry is an interlocutory order appealable as of right pursuant to Probate Procedure, 58 O.S.2001 § 721 **Appealable judgments and orders of district court:**

> An appeal may be taken from the following judgments or orders of the district court:
>
> * * *
>
> 10. From any other judgment, decree or order of the court in a probate cause, or of the judge thereof, affecting a substantial right.

¶4 "An interlocutory decision is, by definition, one made in advance of the judgment." *See Nation v. Nation*, 1992 OK 91, ¶1 n. 2, 834 P.2d 442, 443, n. 2. Normally, an interlocutory order is neither final nor appealable. However, in probate cases, orders affecting a substantial right of a party are immediately appealable pursuant to § 721. In *Matter of Estate of Nation*, 1992 OK 91, 834 P.2d 442, the Oklahoma Supreme Court dismissed an appeal from an interlocutory order as untimely. In that case, the Oklahoma Supreme Court stated that interlocutory orders appealable by right in probate proceedings must be appealed within thirty days from the date at which the order was issued. In *Nation*, because the appellants (applicants as pretermitted heirs) or their lawyers were present at the hearing when the order was announced, the time began running from that date. Because the appeal was filed more than thirty days from the time the interlocutory order was issued, the appeal to the Supreme Court was untimely and thus, the Supreme Court's jurisdiction was not invoked. Supreme Court Rule 1.61.[1] Such is the case in the matter at bar.

¶5 The Order for Administration of Estate, Appointing Personal Representative, and Determining Heirs was filed January 30, 2008.[2] As an interlocutory order appealable by right, any party wishing to challenge the January 30, 2008 Order was required to file a petition in error within thirty days of the order.

¶6 Wife's Motion for Declaratory Judgment sought to attack the January 30, 2008 order which had become final. Wife argues that the trial court had authority to vacate or modify the January 30, 2008 order pursuant to 12 O.S.2001 § 1031(3) due to mistake, neglect, or omission of the clerk or irregular-

---

1. Supreme Court Rule 1.61, in part: **time and manner for commencing appeal**

   An appeal from these [including § 721 interlocutory probate orders but not orders allowing a final account and granting a decree of distribution] orders of the district court may be commenced by filing a petition in error (and fourteen (14) copies) in conformity with Rule 1.63, filing an entry of appearance in conformity with Rule 1.23, and remitting to the Clerk of the Supreme Court the statutory cost deposit (or affidavit in forma pauperis), all within thirty days of the date of the order, . . . .

2. It appears that a hearing was held November 28, 2007 at which Wife and her attorney were present. A minute order reflects that some portion of the January 30, 2008 order was announced at the hearing. Under *Nation*, the time to appeal may have started the day of the pronouncement. We need not determine whether the time to appeal started as of the hearing or the filing of the order because no appeal was filed.

ity in obtaining the order. Under the facts of this case, where the parties have agreed to the order entered by the court, it would be an abuse of discretion to modify or vacate the order under § 1031(3). Wife agreed to and received benefits under the January 30, 2008 order. She may not seek modification or vacation under § 1031(3) under these facts.

¶ 7 While the trial court overruled Wife's motion to vacate or modify, the Journal Entry on Motion for Declaratory Judgment operated to modify the January 30, 2008 Order and change the substantial rights of the parties under that order. The Journal Entry on Motion for Declaratory Judgment filed January 12, 2009 is reversed, and the matter remanded for further proceedings.

BELL, P.J., and HETHERINGTON, J., concur.