IN RE AMENDMENT OF OKLAHOMA SUPREME COURT, RULE 1.20 AND 1.22
2023 OK 28
Decided: 03/27/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 28, __ P.3d __

 

ORDER

¶1 The Court hereby amends Oklahoma Supreme Court Rule 1.20 and Oklahoma Supreme Court Rule 1.22, 12 O.S., ch. 15, app 1., as shown on the attached Exhibits A and B, effective immediately.

¶2 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 27th DAY OF MARCH, 2023.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

 

 

EXHIBIT A

Oklahoma Supreme Court Rule 1.20. Definitions

(a) Judgment. A judgment is the final determination of the rights of the parties in an action. 12 O.S. § 681. The term "judgment" is synonymous with a final order for the purpose of these rules. A judgment includes any decision appealable under the provisions of:

(1) 12 O.S. §§ 952, 953 (general civil appeal);

(2) 43 O.S. § 123 (matrimonial actions);

(3) 10 O.S. § 7505-2.1 (preadoption minor relinquishment and termination of parental rights appeals);

(4) 10 O.S. § 7505-7.1 (adoption appeals);

(5) 10 O.S. § 80 (paternity appeals);

(6) 10A O.S. § 1-5-103 (deprived or allegedly deprived child and termination of parental rights appeals);

(7) 12 O.S. § 1763 (small claims appeals);

(8) 47 O.S. § 6-211 Subdiv. (M) (driver license appeals);

(9) 47 O.S. § 7-505(E) (financial responsibility hardship appeals);

(10) 58 O.S. § 721 Subdiv. (7) (appeals in probate from final decree of distribution);

(11) 58 O.S. § 721 Subdiv. (10) (where a claim in a probate action raises issues that are separate from the probate issues, a decision on the claim is appealable as a final order under 12 O.S. § 681. Compare Williams v. Mulvihill, 1993 OK 5, 846 P.2d 1097 with In re Estate of Nation, 1992 OK 91, 834 P.2d 442;

(12) 66 O.S. § 56 (condemnation appeals);

(13) 75 O.S. § 323 (Administrative Procedures Act);

(14) 82 O.S. §§ 508, 545, and 82 O.S. § 573 (water conservancy);

(15) 12 O.S. § 994 (judgment entered in multi-party/multi-claim cases); or

(16) Any other statute now in force or hereafter enacted which finally determines the rights of the parties in the action. The term judgment excludes interlocutory orders appealable pursuant to 12 O.S. § 952 Subdiv. (b) 2 & 3, 58 O.S. § 721 (except an order allowing final account and granting a decree of distribution) and 66 O.S. § 56 (such as an order adjudicating a right to condemn--see Town of Ames v. Wybrandt, 1950 OK 197, 220 P.2d 693, 696).

(b) Final Order. A final order is an order affecting a substantial right in an action, when the order effectively determines the action and prevents a judgment. A final order is also an order which affects a substantial right, made in a special proceeding or upon a summary application in an action after judgment. 12 O.S. § 953. The following constitute final orders:

(1) an order denying a timely and proper motion for new trial (12 O.S. § 651);

(2) an order granting or denying a timely post-judgment motion for judgment notwithstanding the verdict (12 O.S. § 698);

(3) an order modifying or refusing to modify a judgment;

(4) an order refusing to vacate a judgment;

(5) an order denying leave to intervene;

(6) a post-judgment order which grants or denies attorney fees, costs or post-judgment interest;

(7) an order appealed pursuant to 10 O.S. § 7505-4.1 (See Matter of Adoption of E.S.P., 1978 OK 100, 584 P.2d 209.

(c) Trial Court. "Trial court" and "district court" are synonymous terms.

 

Oklahoma Supreme Court Rule 1.22. Post-Trial Motions

(a) Post-Trial Motion Defined. A post-trial motion is a motion filed, or deemed filed, after a judgment or a final order.

(b) Interlocutory Orders. See 12 O.S. § 993 and Rules 1.22(f), 1.61.

(c) Appeal Time and Post-Trial Motions Filed Not Later Than Ten Days After the Date of Judgment.

(1) If a motion for new trial, for judgment notwithstanding the verdict, or to correct, open, modify, vacate or reconsider the judgment (other than solely for a determination of an award of costs, post-judgment interest, or attorney's fees) is filed by any party not later than ten (10) days after the judgment, decree or final order is filed with the court clerk (or, where taken under advisement, mailed (12 O.S. § 990.2(C)), the appeal time for any party to the action shall not begin to run until the motion shall have been disposed of. A motion for new trial filed after the announcement of the decision on all issues in the case but before the filing of the judgment or decree shall be deemed filed immediately after the filing of the judgment or decree. 12 O.S. § 653(C).The right of a party to perfect an appeal from a judgment or final order is not conditioned upon the filing of a motion for new trial. 12 O.S. § 991(a). If a motion for new trial is filed and denied, the movant may not, on the appeal, raise allegations of error that were available at the time of the filing of the motion for new trial but were not therein asserted. 12 O.S. § 991(b).Where the judgment, decree or final order was mailed because taken under advisement (12 O.S. § 990.2(C)), three days are added to the time to file in the district court the post-trial motion pursuant to 12 O.S. § 2006(D). The time to appeal from the disposition of the post-trial motion shall not be extended by any subsequent motion or plea for reconsideration.

(2) An appeal may be commenced from both the underlying judgment, decree or final order and the order disposing of the post-trial motion, either by filing a single petition in error, or by filing separate petitions in error if both are filed within thirty (30) days of filing of the order disposing of the post-trial motion. Successive appeals from denials of successive post-trial motions shall not be allowed.

(3) If the order disposing of the post-trial motion is a final order, such as denial of a timely motion for new trial then the time to appeal from that final order and underlying judgment shall be from the date of the filing of the final order in statutory form with the district court clerk, except when the matter is taken under advisement (see 12 O.S. § 990.2(C) as to matters taken under advisement), all as provided in 12 O.S. § 990.2(A). See 12 O.S. § 696.3.

(d) Attorneys Fees, Costs, or Post-judgment Interest. A judgment or final order may provide for costs, attorney's fees, or post-judgment interest, but it need not include them. 12 O.S. § 696.4. A motion for attorney's fees, costs, or statutory post-judgment interest based upon a judgment or final order shall not delay the preparation and filing of the judgment, decree or final order. 12 O.S. § 696.4. The filing of a motion for costs, attorney's fees, or post-judgment interest shall not delay or extend the running of time to appeal. 12 O.S. § 990.2. A party aggrieved by a judgment or appealable order granting or denying a post-trial motion for attorney's fees, costs or post-judgment interest, may seek review of the judgment or appealable order by timely filing a petition in error, within the thirty (30) day time period allowed by 12 O.S. § 990A(A).

(e) Post-Trial Motions Filed More Than Ten Days After Date of Judgment. A post-trial motion no matter how denominated filed later than ten (10) days after the judgment, decree or final order is filed with the court clerk (or, where taken under advisement, mailed, see 12 O.S. § 990.2(C)) shall not delay the running of the time to appeal the judgment. 12 O.S. § 990.2(B).

(f) Appeal from Order Disposing of Post-Trial Motion Filed More Than Ten Days After Date of Judgment. The time to appeal from any decision which disposes of a post-trial motion seeking relief pursuant to 12 O.S. § 1031(3) through (9), or 12 O.S. § 1031.1 when the motion was filed later than ten (10) days after the judgment, decree or final order is filed with the court clerk may be extended by a timely motion for new trial, reconsideration, re-examination, rehearing, or to vacate or modify that decision.

 

 

EXHIBIT B

Oklahoma Supreme Court Rule 1.20. Definitions

(a) Judgment. A judgment is the final determination of the rights of the parties in an action. 12 O.S. § 681. The term "judgment" is synonymous with a final order for the purpose of these rules. A judgment includes any decision appealable under the provisions of:

(1) 12 O.S. §§ 952, 953 (general civil appeal);

(2) 43 O.S. § 123 (matrimonial actions);

(3) 10 O.S. § 7505-2.1 (preadoption minor relinquishment and termination of parental rights appeals);

(4) 10 O.S. § 7505-7.1 (adoption appeals);

(5) 10 O.S. § 80 (paternity appeals);

(6) 10A O.S. § 1-5-103 (deprived or allegedly deprived child and termination of parental rights appeals);

(7) 12 O.S. § 1763 (small claims appeals);

(8) 47 O.S. § 6-211 Subdiv. (M) (driver license appeals);

(9) 47 O.S. § 7-505(E) (financial responsibility hardship appeals);

(10) 58 O.S. § 721 Subdiv. (7) (appeals in probate from final decree of distribution);

(11) 58 O.S. § 721 Subdiv. (10) (where a claim in a probate action raises issues that are separate from the probate issues, a decision on the claim is appealable as a final order under 12 O.S. § 681. Compare Williams v. Mulvihill, 1993 OK 5, 846 P.2d 1097 with In re Estate of Nation, 1992 OK 91, 834 P.2d 442;

(12) 66 O.S. § 56 (condemnation appeals);

(13) 75 O.S. § 323 (Administrative Procedures Act);

(14) 82 O.S. §§ 508, 545, and 82 O.S. § 573 (water conservancy);

(15) 12 O.S. § 994 (judgment entered in multi-party/multi-claim cases); or

(16) Any other statute now in force or hereafter enacted which finally determines the rights of the parties in the action. The term judgment excludes interlocutory orders appealable pursuant to 12 O.S. § 952 Subdiv. (b) 2 & 3, 58 O.S. § 721 (except an order allowing final account and granting a decree of distribution) and 66 O.S. § 56 (such as an order adjudicating a right to condemn--see Town of Ames v. Wybrandt, 1950 OK 197, 220 P.2d 693, 696).

(b) Final Order. A final order is an order affecting a substantial right in an action, when the order effectively determines the action and prevents a judgment. A final order is also an order which affects a substantial right, made in a special proceeding or upon a summary application in an action after judgment. 12 O.S. § 953. The following constitute final orders:

(1) an order denying a timely and proper motion for new trial (12 O.S. § 651);

(2) an order granting or denying a timely post-judgment motion for judgment notwithstanding the verdict (12 O.S. § 698);

(3) an order modifying or refusing to modify a judgment;

(4) an order refusing to vacate a judgment;

(5) an order denying leave to intervene;

(6) a post-judgment order which grants or denies attorney fees, costs or post-judgment interest;

(7) an order appealed pursuant to 10 O.S. § 7505-4.1 (See Matter of Adoption of E.S.P., 1978 OK 100, 584 P.2d 209.

(c) Trial Court. "Trial court" and "district court" are synonymous terms.

 

Oklahoma Supreme Court Rule 1.22. Post-Trial Motions

(a) Post-Trial Motion Defined. A post-trial motion is a motion filed, or deemed filed, after a judgment or a final order.

(b) Interlocutory Orders. See 12 O.S. § 993 and Rules 1.22(f), 1.61.

(c) Appeal Time and Post-Trial Motions Filed Not Later Than Ten Days After the Date of Judgment.

(1) If a motion for new trial, for judgment notwithstanding the verdict, or to correct, open, modify, vacate or reconsider the judgment (other than solely for a determination of an award of costs, post-judgment interest, or attorney's fees) is filed by any party not later than ten (10) days after the judgment, decree or final order is filed with the court clerk (or, where taken under advisement, mailed (12 O.S. § 990.2(C)), the appeal time for any party to the action shall not begin to run until the motion shall have been disposed of. A motion for new trial filed after the announcement of the decision on all issues in the case but before the filing of the judgment or decree shall be deemed filed immediately after the filing of the judgment or decree. 12 O.S. § 653(C).The right of a party to perfect an appeal from a judgment or final order is not conditioned upon the filing of a motion for new trial. 12 O.S. § 991(a). If a motion for new trial is filed and denied, the movant may not, on the appeal, raise allegations of error that were available at the time of the filing of the motion for new trial but were not therein asserted. 12 O.S. § 991(b).Where the judgment, decree or final order was mailed because taken under advisement (12 O.S. § 990.2(C)), three days are added to the time to file in the district court the post-trial motion pursuant to 12 O.S. § 2006(D). The time to appeal from the disposition of the post-trial motion shall not be extended by any subsequent motion or plea for reconsideration.

(2) An appeal may be commenced from both the underlying judgment, decree or final order and the order disposing of the post-trial motion, either by filing a single petition in error, or by filing separate petitions in error if both are filed within thirty (30) days of filing of the order disposing of the post-trial motion. Successive appeals from denials of successive post-trial motions shall not be allowed.

(3) If the order disposing of the post-trial motion is a final order, such as denial of a timely motion for new trial then the time to appeal from that final order and underlying judgment shall be from the date of the filing of the final order in statutory form with the district court clerk, except when the matter is taken under advisement (see 12 O.S. § 990.2(C) as to matters taken under advisement), all as provided in 12 O.S. § 990.2(A). See 12 O.S. § 696.3.

(d) Attorneys Fees, Costs, or Post-judgment Interest. A judgment or final order may provide for costs, attorney's fees, or post-judgment interest, but it need not include them. 12 O.S. § 696.4. A motion for attorney's fees, costs, or statutory post-judgment interest based upon a judgment or final order shall not delay the preparation and filing of the judgment, decree or final order. 12 O.S. § 696.4. The filing of a motion for costs, attorney's fees, or post-judgment interest shall not delay or extend the running of time to appeal. 12 O.S. § 990.2. A party aggrieved by a judgment or appealable order granting or denying a post-trial motion for attorney's fees, costs or post-judgment interest, may seek review of the judgment or appealable order by timely filing a petition in error, within the thirty (30) day time period allowed by 12 O.S. § 990A(A).

(e) Post-Trial Motions Filed More Than Ten Days After Date of Judgment. A post-trial motion no matter how denominated filed later than ten (10) days after the judgment, decree or final order is filed with the court clerk (or, where taken under advisement, mailed, see 12 O.S. § 990.2(C)) shall not delay the running of the time to appeal the judgment. 12 O.S. § 990.2(B).

(f) Appeal from Order Disposing of Post-Trial Motion Filed More Than Ten Days After Date of Judgment. The time to appeal from any decision which disposes of a post-trial motion seeking relief pursuant to 12 O.S. § 1031(3) through (9), or 12 O.S. § 1031.1 when the motion was filed later than ten (10) days after the judgment, decree or final order is filed with the court clerk may be extended by a timely motion for new trial, reconsideration, re-examination, rehearing, or to vacate or modify that decision.